IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DAVID CONRAD ALVERSON, SR.                                        PLAINTIFF

v.                          Civil No. 2:20-cv-02024

SHERIFF HOBE RUNION, SEBASTIAN COUNTY;
DEPUTY OLIVER, SEBASTIAN COUNTY DETENTION
CENTER ("SCDC"); and DEPUTY ARNOLDSON, SCDC
                                                                  DEFENDANTS

## ORDER

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I. BACKGROUND

Plaintiff filed his Complaint on February 18, 2020, in the Eastern District of Arkansas. (ECF No. 1). On February 24, 2020, the matter was transferred to this Court. (ECF No. 3). On February 26, 2020, the Court granted Plaintiff's motion for leave to proceed *in forma pauperis* and directed Plaintiff to file an Amended Complaint by March 18, 2020. (ECF Nos. 6, 7).

The Court's Order directed the Clerk to mail Plaintiff a court approved § 1983 form to use for filing the amended complaint, and it stated that Plaintiff's amended complaint should include:

> ". . . short, plain statements telling the Court: the constitutional right Plaintiff believes was violated; the name of the Defendant who violated the right; exactly what the Defendant did or failed to do; how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional rights; and what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-372, 377 (1976). Plaintiff must repeat this process for each person he has named as a Defendant." (ECF No. 7).

The Order further states: "Plaintiff is CAUTIONED that he must affirmatively link the conduct of each named Defendant with the specific injury he suffered. If he fails to do so, the allegations against the Defendant will be dismissed for failure to state a claim." *Id*.

Plaintiff filed his Amended Complaint on March 4, 2020. (ECF No. 9). Plaintiff names three Defendants in his Amended Complaint: Sebastian County Sheriff Hobe Runion; Deputy Oliver, Sebastian County Detention Center (SCDC); and, Deputy Arnoldson, SCDC. *Id*.

Plaintiff's first claim is stated against Sheriff Hobe Runion, in both his official and personal capacities. (ECF No. 9). Plaintiff describes the claim as: "denial of medical," "kept my money," and "allowed threats by his deputies." *Id*. Plaintiff states: "I wrote him about getting proper medical and never heard back asked for my money and was denied. Harm done broke nose, split head open, broke bones in face and hospitalization." *Id*. When asked to describe the custom or policy that caused a constitutional violation with respect to the official capacity claim, Plaintiff states: "I asked for proper medical treatment and asked to have my money applied to my books." *Id*.

Plaintiff's second claim is stated against Deputy Oliver in both his official and personal capacities. (ECF No. 9). Plaintiff describes the claim as: "denial medical services, physical threats," and with respect to the date of occurrence, states "Jan 9th, I think. It was the day I was admitted to Mercy." *Id*. Plaintiff further states: "He accused me of being on drugs (which I passed drug test by a dr. on same day). Threatened to tell my cell that I was lying about not being able to

walk and to tell them I was a snitch." *Id*. When asked to describe the custom or policy that caused a constitutional violation with respect to the official capacity claim, Plaintiff states: "I asked for help cause I couldn't walk and he accused me of being on drugs, which I passed a drug test by the doctor and threatened me with violence." *Id*.

Plaintiff's third claim is stated against Deputy Arnoldson in both his official and personal capacities. (ECF No. 9). Plaintiff describes the claim as: "denial of medical and threatened and took $3200 from me." *Id*. With respect to the date of occurrence, Plaintiff alleges "Nov 7th and not sure of the threat." *Id*. Plaintiff further states: "deputy Arnoldson stole $3200 from me on Nov 7th several Inmates seen the money. When asked for it back when we was at the hospital he told me if I asked again I would be put in medical cell." *Id*. When asked to describe the custom or policy that caused a constitutional violation with respect to the official capacity claim, Plaintiff states: "I needed medical attention and was denied. The $3200 I came in with was stolen by deputy Adamson and was seen by other Inmates." *Id*.

Plaintiff seeks compensatory and punitive damages, plus "a change in policy, and an apology." (ECF No. 9).

## II. APPLICABLE LAW

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8 Cir. 1985).

### III. DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

The Eighth Amendment to the United States Constitution prohibits the imposition of cruel and unusual punishment. U.S. Const. amend. VIII. The Cruel and Unusual Punishment Clause of the Eighth Amendment forbids conditions that involve the "wanton and unnecessary infliction of pain," or are "grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *County of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998) (citation

4

omitted). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In order to prevail on a claim for deprivation of medical care, an inmate must show that a prison official was deliberately indifferent to his serious medical need. *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997).

"'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen,* 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir. 1997)).

Here, Plaintiff vaguely states that he was denied appropriate medical care by all three Defendants; however, nowhere in his Amended Complaint has Plaintiff alleged any specific, direct participation or involvement by any of the three Defendants with respect to the alleged denial of medical care. A plaintiff must allege *specific facts* sufficient to support a claim. *Martin*, 780 F.2d at 1337. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Bell Atlantic Corp.,* 550 U.S. at 555 (holding that prisoners cannot pursue a § 1983 claim based only on vague, conclusory, and factually unsupported allegations). "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (citation omitted). "A supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity." *White v. Holmes*, 21 F.3d 277, 280 (8th Cir. 1994). Instead, the supervisor must be personally involved in the alleged constitutional violation or his . . . inaction must constitute deliberate indifference towards the constitutional violation. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995). Plaintiff's allegations fall well short of this standard.

Plaintiff also asserts that he had $3,200 stolen by Deputy Arnoldson. This allegation does not rise to the level of a federal constitutional violation. Even if the deprivation was intentional,

Plaintiff has adequate post-deprivation remedies under state law. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional deprivation of property does not violate due process when meaningful post-deprivation remedy is available); *Barnett v. Centoni*, 31 F.3d 813 (9th Cir. 1994) (negligent or intentional deprivation of prisoner's property fails to state claim under § 1983 if state has adequate post-deprivation remedy); *Elliot v. Hurst*, 307 Ark. 134, 817 S.W.2d 877, 880 (1991) (cause of action for conversion lies where distinct act of dominion is exerted over property in denial of owner's right). Accordingly, because Plaintiff could seek redress in Arkansas state courts for his claim of stolen property, he has no claim pursuant to § 1983 in this regard.

Plaintiff further alleges verbal threats by both Deputy Oliver and Deputy Arnoldson. "Verbal threats do not constitute a constitutional violation." *Martin*, 780 F.2d at 1339. Similarly, taunts, name calling, and the use of offensive language does not state a claim of constitutional dimension. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993).

Finally, Plaintiff has set forth no allegations which state a valid official capacity claim. In *Gorman v. Bartch,* 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit Court of Appeals discussed the distinction between individual and official capacity suits. As explained by the Court in *Gorman*:

> "Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24-27, 112 S.Ct. at 361-62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25-27, 112 S.Ct. at 362."

*Gorman,* 152 F.3d at 914.

Plaintiff has identified no policy or custom of the Sebastian County Detention Center or Sebastian County Sheriff's Office which violated his rights. Plaintiff, therefore, fails to state any plausible official capacity claim against any of the Defendants.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Amended Complaint should be, and hereby is, **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED** this 24th day of March 2020.

> */s/P. K. Holmes, III*
> P.K. HOLMES, III
> U.S. DISTRICT JUDGE